UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-588-RJC

| | |
|---|---|
| MALCOLM SPRINGS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHARLOTTE; ) <br> CHARLOTTE MECKLENBURG POLICE ) <br> DEPARTMENT; ) <br> MITCHELL REEDY; Officer, Charlotte ) <br> Mecklenburg Police Department; ) <br> JOSEPH MALONI, Officer, Charlotte ) <br> Mecklenburg Police Department; ) <br> MARVIN BELL, Officer, Charlotte ) <br> Mecklenburg Police Department; and ) <br> BRENT HARRISON, Officer, Charlotte ) <br> Mecklenburg Police Department, ) <br> ) <br> Defendants. ) <br> ) | ORDER and NOTICE |

**THIS MATTER** is before the Court upon Defendants' Motion for Judgment on the Pleadings, filed December 20, 2011. (Doc. No. 7). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding pro se of the heavy obligation he carries in responding to Defendants' Motion.

On November 16, 2011, Plaintiff filed a Complaint alleging that Defendants Bell, Harrison, Maloni and Reedy had subjected him to excessive force during his arrest; and that such actions violated various policies of the Charlotte Mecklenburg Police Department and the City of Charlotte. (Doc. No 1 at 3). By way of relief, Plaintiff requests, inter alia, one hundred million dollars in damages. (Id. at 5). On December 7, 2011, counsel made an appearance on behalf of all Defendants, (Doc. No. 4), and filed an Answer to Plaintiff's Complaint. (Doc. No. 6). On

December 20, 2011, Defendants filed the instant Motion for Judgment on the Pleadings along with a supporting Memorandum. (Doc. Nos. 7; 8).

A motion for a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is decided using the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009). Thus, in responding to such a Motion, Plaintiff must show that he has made sufficient allegations to support a cause of action which is recognized by law. That is, Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive such a Motion, Plaintiff must show that his complaint contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. Plaintiff is further advised that the Court may take judicial notice of matters of public record, and may consider documents attached to the Complaint as well as those attached to the Motion for Judgment on the Pleadings, so long as those documents "are integral to the complaint and authentic." Philips, 572 F.3d at 180 (citing Blankenship v. Manchin. 471 F.3d 523, 526 n.1 (4th Cir. 2006).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff has thirty (30) days from the entry of this Order to file his response to Defendants' Motion for Judgment on the Pleadings. <u>Plaintiff's failure to respond may result in granting a judgment on the pleadings for Defendants, that is, in the dismissal of the Complaint with prejudice</u>.

2. The Clerk is directed to send copies of this Order and Notice to the parties, including Malcolm Springs, Inmate No. 403576, Mecklenburg County Jail, Post Office Box 34429, Charlotte, NC 28234-4429.

Signed: January 11, 2012

Robert J. Conrad, Jr.
Chief United States District Judge