UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-588-RJC

| MALCOLM SPRINGS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| CITY OF CHARLOTTE, CHARLOTTE MECKLENBURG POLICE DEPARTMENT, MITCHELL REEDY, JOSEPH MALONI, MARVIN BELL, BRENT HARRISON, | ) | ORDER |
| Defendants. | ) | |

**THIS MATTER** is before the court on Defendants' Motion for Judgment on the Pleadings, filed on December 20, 2011. (Doc. No. 7). On January 11, 2012, the Court sent Plaintiff a notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (Doc. No. 14). On January 31, 2012, Plaintiff filed a brief in response to Defendants' motion. (Doc. No. 16).

**I.  BACKGROUND**

On November 16, 2011, pro se Plaintiff Malcolm Springs filed a Complaint alleging that City of Charlotte police officers Bell, Harrison, Maloni and Reedy subjected him to excessive force while arresting Plaintiff on March 20, 2011.[1] Defendant also named as Defendants the City of Charlotte and the "Mecklenburg-Charlotte Police Department." By way of relief, Plaintiff requests, inter alia, one hundred million dollars in damages. (Id. at 5).

---

[1] The Complaint does not indicate when the alleged excessive force occurred, but Defendants state in their response brief that the allegations arise out of Plaintiff's arrest on March 20, 2011. Defendants contend that Plaintiff was armed, attempted to flee, and violently resisted before the officers arrested him. (Doc. No. 8 at 4). The Court will not, however, consider Defendants' version of the facts because, on Defendants' motion for judgment on the pleadings, the Court must accept Plaintiff's factual allegations as true. (Id. at 3-4).

Plaintiff alleges the following in his Statement of Claim in his Complaint:

> Plaintiff . . . brings claim in manner of police brutality, application excessive force used while Plaintiff was handcuffed, beat, etc. The actions applied by listed Defendants are not acceptable via protect and serve policy, duties of police officer. Employed as City of Charlotte employees via Charlotte Mecklenburg Police Department as police officers. Plaintiff was handcuffed, brutally beaten, kicked, stomped, California v. Rodney King . . . . Officers beyond call of duty chose to apply excessive force beat the Plaintiff, under color of law. By handcuffing, beating, kicking, stomping, and dragging Plaintiff while handcuffed causing permanent damage, scars, trauma.

(Doc. No. 1 at 3).

### III. STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is decided using the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009). Thus, in responding to such a Motion, Plaintiff must show that he has made sufficient allegations to support a cause of action which is recognized by law. That is, Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive such a Motion, Plaintiff must show that his complaint contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. Furthermore, the Court may take judicial notice of matters of public record, and may consider documents attached to the Complaint as well as those attached to the Motion for Judgment on the Pleadings, so long as those documents "are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing

Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

## IV. ANALYSIS

The Court first observes that Defendant Charlotte-Mecklenburg Police Department ("CMPD") is a department of the City of Charlotte and is not a legal entity capable of being sued. Accord Hubbard v. City of Charlotte, No. 3:07cv485, 2010 WL 3927486, at *6 (W.D.N.C. Oct. 5, 2010). Next, the Complaint expressly states that the Defendant officers Bell, Harrison, Meloni, and Reedy are being sued in their official capacities only. See (Doc. No. 1 at 2; 3; 4). As all four officers are employees of the City of Charlotte, the only Defendant in this action is the City of Charlotte. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

In order for the City of Charlotte to be liable for the alleged excessive force used by the Defendant officers, Plaintiff must prove that the officers' use of excessive force arose out of the application of a municipal policy or custom of the City. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Defendant City of Charlotte cannot be liable in a § 1983 claim for any actions of its employees or agents premised exclusively upon a theory of respondeat superior. Id.; see also Torchinsky v. Siwinski, 942 F.2d 257, 259 (4th Cir. 1991) (plaintiffs cannot recover under § 1983 against municipal employer where they fail to prove that a policy or custom of the municipality caused the alleged deprivation of their rights). In alleging that the Defendant officers used excessive force, Plaintiff does not allege that the officers were acting pursuant to a municipal policy or custom of the City. Indeed, Plaintiff specifically alleges that the officers acted in violation of the City's policies. See (Doc. No. 1 at 3) (alleging that the "actions applied by listed Defendants are not acceptable via protect and serve policy, duties of police officer, and

3

that the Defendant officers acted 'beyond [the] call of duty'"). Therefore, Defendant City of Charlotte is entitled to judgment on the pleadings.

V. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Judgment on the Pleadings, (Doc. No. 7), is **GRANTED** and this action is dismissed with prejudice.

Signed: June 7, 2012

Robert J. Conrad, Jr.
Chief United States District Judge